NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVERETT SEYMOUR; DAVID
McELROY,

            Plaintiffs - Appellants,

 v.

McLANE COMPANY, INC., a Texas
corporation,

            Defendant - Appellee.

No. 11-55351

D.C. No. 5:08-cv-00007-RHW-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

    Everett Seymour and David McElroy appeal pro se from the district court's

summary judgment in their putative class action alleging state law claims related to

their employment as truck drivers.  We have jurisdiction under 28 U.S.C. § 1291.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo, *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment because plaintiffs failed to raise a genuine dispute of material fact as to any of their claims. *See* Fed. R. Civ. P. 36(a)(3) (matters set forth in a request for admission are deemed admitted unless the party to whom the request is directed submits a timely response or later seeks permission to withdraw or amend a response); *Conlon*, 474 F.3d at 621, 624 (unanswered requests for admission, or untimely and deficient responses to the same, may be relied on as the basis for granting summary judgment); *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir. 1992) (to survive summary judgment, nonmoving party "ordinarily must furnish affidavits containing admissible evidence tending to show the existence of a genuine dispute of material fact").

We lack jurisdiction over plaintiffs' appeal from the district court's award of attorney's fees to defendants as the prevailing party because plaintiffs failed to file an amended notice of appeal from this award following the grant of summary judgment. *See Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011) (no jurisdiction to review the attorney's fee award where party filed a timely notice of appeal of the underlying judgment, but failed to file a timely supplemental notice

of appeal as to a subsequent award of attorney's fees).

Plaintiffs' contentions regarding the district court's alleged errors in denying their motion for declaratory judgment and an alleged conspiracy between the court, defendants, defense counsel, and plaintiffs' former counsel to threaten, intimidate, or destroy evidence are unpersuasive and unsupported by the record.

**AFFIRMED.**